IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01978-BNB
(**The above civil action number must appear on all future papers sent to the Court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

RONNIE LEE HOUSTON,

    Plaintiff,

v.

U.S. BUREAU OF PRISONS,

    Defendant.

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND SHOW CAUSE

    Plaintiff, Ronnie Lee Houston, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  Mr. Houston submitted *pro se* a Prisoner Complaint (ECF No. 1) for damages pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680.  He also submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a motion titled "Motion to Propell [sic] Institutional Finance Office to Produce Inmate Financial Records" (ECF No. 4).  The motion to propel (ECF No. 4) will be denied as premature because Mr. Houston has failed to provide written documentation demonstrating that the BOP has denied him a certified copy of his trust fund account statement for the 6-month period immediately preceding this filing.

    As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the documents are deficient as described in this order.  Plaintiff will be

directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) __ is not submitted
(2) __ is missing affidavit
(3) X   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) __ is missing certificate showing current balance in prison account
(5) __ is missing required financial information
(6) __ is missing an original signature by the prisoner
(7) __ fails to include all pages of the proper form
(8) __ names in caption do not match names in caption of complaint, petition or habeas application
(9) __ An original and a copy have not been received by the Court. Only an original has been received.
(10) X   other:  Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing a certified copy of his six months' trust fund statement.

**Complaint, Petition or Application**:
(11) __ is not submitted
(12) __ is not on proper form (must use the Court's current form)
(13) __ is missing an original signature by the prisoner
(14) __ is missing page no. __
(15) __ uses et al. instead of listing all parties in caption
(16) __ An original and a copy have not been received by the Court.  Only an original has been received.
(17) __ Sufficient copies to serve each defendant/respondent have not been received by the Court.
(18) __ names in caption do not match names in text
(19) __ other:

Mr. Houston alleges in the Prisoner Complaint that he failed to exhaust available administrative remedies concerning his FTCA claims.  *See* ECF No. 1 at 7.  The FTCA requires a claimant to exhaust administrative remedies prior to initiating an FTCA action in federal court, a requirement that is jurisdictional and cannot be waived.  *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also Robinson v. United States*, No. 13-cv-02269-MSK-CBS, 2014 WL 2536828 (D. Colo.

June 5, 2014) (unpublished).  A claimant must file an administrative tort claim with the appropriate federal agency within two years of the date of the claim's accrual before initiating an FTCA action in federal district court.  28 U.S.C. §§ 2401(b), 2675(a); *Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 274 (10th Cir. 1991); *see also Kendall v. Watkins*, 998 F.2d 848, 852 (10th Cir. 1993).  Therefore, Mr. Houston will be ordered to show cause why the instant action should not be dismissed for failure to exhaust administrative remedies before initiating the instant FTCA action in this Court.

Accordingly, it is

ORDERED that the "Motion to Propell [sic] Institutional Finance Office to Produce Inmate Financial Records" (ECF No. 4) is denied as premature.  It is

FURTHER ORDERED that Plaintiff, Ronnie Lee Houston, cure the deficiencies designated above and show cause as directed **within thirty (30) days from the date of this order** why the instant action should not be dismissed for failure to exhaust administrative remedies as to his claims asserted pursuant to the Federal Tort Claims Act.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or show cause as directed **within thirty days from the date of this order**, the Prisoner Complaint and the action may be dismissed without further notice.

DATED July 18, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge