IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01978-BNB

RONNIE LEE HOUSTON,

     Plaintiff,

v.

U.S. BUREAU OF PRISONS,

     Defendant.

---

## ORDER OF DISMISSAL

---

Plaintiff, Ronnie Lee Houston, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  Mr. Houston submitted *pro se* a Prisoner Complaint (ECF No. 1) for damages pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680.  He also submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a motion titled "Motion to Propell [sic] Institutional Finance Office to Produce Inmate Financial Records" (ECF No. 4).  The motion to propell (ECF No. 4) was denied as premature because Mr. Houston has failed to provide written documentation demonstrating that the BOP denied him a certified copy of his trust fund account statement for the 6-month period immediately preceding this filing.

The Court reviewed the submitted documents and determined they were deficient.  On July 18, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Mr. Houston to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims and show cause why the instant action

should not be dismissed.

The July 18 order pointed out that Mr. Houston had failed either to pay the $400.00 filing fee or to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. The July 18 order also pointed out that Mr. Houston alleged he failed to exhaust available administrative remedies as to his FTCA claims. *See* ECF No. 1 at 7.

Magistrate Judge Boland informed Mr. Houston that the FTCA requires a claimant to exhaust administrative remedies prior to initiating an FTCA action in federal court, a requirement that is jurisdictional and cannot be waived. *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also Robinson v. United States*, No. 13-cv-02269-MSK-CBS, 2014 WL 2536828 (D. Colo. June 5, 2014) (unpublished). He pointed out that a claimant must file an administrative tort claim with the appropriate federal agency within two years of the date of the claim's accrual before initiating an FTCA action in federal district court. 28 U.S.C. §§ 2401(b), 2675(a); *Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 274 (10th Cir. 1991); *see also Kendall v. Watkins*, 998 F.2d 848, 852 (10th Cir. 1993). Therefore, Magistrate Judge Boland directed Mr. Houston to show cause why the instant action should not be dismissed for failure to exhaust administrative remedies before initiating the instant FTCA action in this Court.

The July 18 order warned Mr. Houston that if he failed to cure the designated deficiencies and show cause as directed within thirty days why the instant action should not be dismissed for failure to exhaust administrative remedies as to his FTCA claims, the Prisoner Complaint and the action may be dismissed without further notice. Mr. Houston has failed within the time allowed to cure the deficiencies, show cause as directed, or otherwise communicate with the Court in any way.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Ronnie Lee Houston, within the time allowed to cure the designated deficiencies and show cause as directed why the instant action should not be dismissed for failure to exhaust administrative remedies as to his claims asserted pursuant to the Federal Tort Claims Act, and for his failure to prosecute.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED August 26, 2014, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court